1    **DICKINSON WRIGHT PLLC**
     Michael N. Feder (Nevada Bar No. 7332)
2    mfeder@dickinsonwright.com
     Kevin D. Everage (Nevada Bar No. 15913)
3    keverage@dickinsonwright.com
     3883 Howard Hughes Parkway, Suite 800
4    Las Vegas, Nevada 89169
     Telephone: (702) 550-4400
5    Facsimile: (844) 670-6009

6    **MORGAN, LEWIS & BOCKIUS LLP**
     Ali S. Razai (*Pro Hac Vice* to be filed)
7    ali.razai@morganlewis.com
     Christian Boettcher (*Pro Hac Vice* to be filed)
8    christian.boettcher@morganlewis.com
     600 Anton Boulevard, Suite 1800
9    Costa Mesa, CA 92626
     Telephone: (714) 830-0600
10   Facsimile: (714) 830-0700

11   Brian P. O'Donnell (*Pro Hac Vice* to be filed)
     brian.odonnell@morganlewis.com
12   110 North Wacker Drive, Suite 2800
     Chicago, IL 60606-1511
13   Telephone: (312) 324-1000
     Facsimile: (312) 324-1001

14
     Attorneys for Plaintiff
15   TROVE BRANDS, LLC d/b/a
     THE BLENDERBOTTLE COMPANY and
16   RUNWAY BLUE, LLC

17                    **UNITED STATES DISTRICT COURT**
                           **DISTRICT OF NEVADA**
18

19   TROVE BRANDS, LLC d/b/a THE              **COMPLAINT**
     BLENDERBOTTLE COMPANY, a Utah
20   limited liability company, and RUNWAY    **JURY DEMAND**
     BLUE, LLC, a Utah limited liability company,
21                                            Case No.
                    Plaintiffs,
22
            v.
23
     GOMOYO LLC, a Nevada limited liability
24   company,

25                  Defendant.

26
            Plaintiffs Trove Brands, LLC, d/b/a The BlenderBottle Company ("**Trove**") and Runway
27
     Blue, LLC ("**Runway Blue**") (collectively, "**BlenderBottle**" or "**Plaintiffs**") hereby complain of
28

                                              1

Defendant GOMOYO LLC ("**Defendant**") and allege as follows:

## I.   NATURE OF THE ACTION

1.      BlenderBottle seeks injunctive relief and damages for acts of patent infringement, trade dress infringement, false designation of origin, passing off, and unfair competition, engaged in by Defendant in violation of the laws of the United States and the State of Nevada.

## II.   THE PARTIES

2.      Plaintiff Trove Brands, LLC, doing business as The BlenderBottle Company is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

3.      Plaintiff Runway Blue, LLC is a limited liability company organized and existing under the laws of the State of Utah, with its principal place of business located at 250 South 850 East, Lehi, Utah 84043.

4.      BlenderBottle is informed and believes and, based thereon, alleges that Defendant GOMOYO LLC is a limited liability company organized and existing under the laws of the State of Nevada, with a principal place of business at 26 Rapallo Court, Clayton, North Carolina 27527.

## JURISDICTION AND VENUE

5.      This Court has original subject matter jurisdiction over the claims in this action that relate to patent infringement, trade dress infringement, false designation of origin, and federal unfair competition pursuant to 35 U.S.C. §§ 271 and 281, 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. §§ 1114 and 1125(a), as these claims arise under the laws of the United States. The Court has supplemental jurisdiction over the claims that arise under state statutory and common law pursuant to 28 U.S.C. § 1367(a) because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

. . .

6.     This Court has personal jurisdiction over Defendant GOMOYO because GOMOYO is incorporated in this judicial district. Defendant also has a continuous, systematic, and substantial presence within this judicial district. For example, Defendant has been selling and offering for sale infringing products in this judicial district, and committing acts of infringement in this judicial district, including but not limited to, selling infringing products to consumers and/or retailers in this district and selling into the stream of commerce knowing such products would be sold in Nevada and this judicial district. These acts for a substantial part of the events or omissions giving rise to BlenderBottle's claims.

7.     Upon information and belief, venue is proper in this judicial district under 28 U.S.C. § 1391 because GOMOYO is incorporated in this judicial district.

## GENERAL ALLEGATIONS

8.     BlenderBottle revolutionized the way supplements are mixed and consumed. Through the tireless efforts of its designers and engineers over nearly two decades, BlenderBottle pioneered innovative technology and path-breaking designs to create premium products that help simplify everyday life.  Available in more than 90 countries worldwide and in over 60,000 retail locations, BlenderBottle's shakers have become the go-to products for outdoor enthusiasts, gym goers, serious protein and supplement drinkers and more. Products embodying BlenderBottle's proprietary designs and technology have been lauded by consumers and the media, including *Good Morning America*, *Reader's Digest*, *Self*, *the Today Show*, *Men's Fitness*, and others.

9.     BlenderBottle protects its substantial investment in innovation and design from imitators with its intellectual property rights.

10.     On June 12, 2018, the USPTO duly lawfully issued United States Patent No. 10,165,877 (the "'877 Patent"), titled "STACKABLE CONTAINER SYSTEM." BlenderBottle is the exclusive licensee of the '877 Patent and has been granted all rights thereunder, including the

right and standing to enforce the '877 Patent.  A true and correct copy of the '877 Patent is attached hereto as **Exhibit 1**.

11.     BlenderBottle manufactures and sells shakers bearing a distinctive trade dress in the overall design of its shaker bottle lid (the "Lid Trade Dress").  A picture of BlenderBottle's Lid Trade Dress is depicted below.



12.     BlenderBottle has also obtained U.S. Trademark Registration No. 6,800,019 for its lid trade dress (the "Lid Trade Dress").  Runway Blue is listed as the registrant of U.S. Trademark Registration No. 6,800,019.  Trove is the exclusive licensee of U.S. Trademark Registration No. 6,800,019 and has been granted all rights thereunder, including the right and standing to enforce U.S. Trademark Registration No. 6,800,019.  A true and correct copy of U.S. Trademark Registration No. 6,800,019 is attached hereto as **Exhibit 2.**

13.     U.S. Trademark Registration No. 6,800,019 is valid, unrevoked, and on the Principal Register.  As such, BlenderBottle is entitled to a presumption that the Lid Trade Dress is valid and enforceable.

14.     The Lid Trade Dress is the overall commercial impression formed by the following distinctive elements: a bottle lid with a recessed domed top from which a conical spout protrudes on one side and a pair of brackets on the opposing side and the brackets host a pivoting arm containing a circular spout closure element.

15.     The Lid Trade Dress serves to identify and distinguish BlenderBottle's products from those of others.  In addition to its rights derived from the registration of the Lid Trade Dress

on the Principal Register, BlenderBottle has strong common law rights in the Lid Trade Dress. The Lid Trade Dress has acquired secondary meaning.

16.     Customers readily recognize the Lid Trade Dress as a distinctive designation of the origin of BlenderBottle's products.  The public recognizes that products bearing the Lid Trade Dress constitute high-quality products that conform to the specifications created by BlenderBottle.

17.     The elements of the Lid Trade Dress are distinctive and have been used by BlenderBottle as a source indicator since BlenderBottle's first use of the Lid Trade Dress in 2003.

18.     BlenderBottle manufactures and sells shakers bearing a distinctive trade dress in the overall design of its shaker bottle (the "Bottle Trade Dress").  An example of BlenderBottle's Bottle Trade Dress is depicted below.



19.     The Bottle Trade Dress is the overall commercial impression formed by the following distinctive elements:

   a.   a generally cylindrical bottle that is taller than is wide;

   b.   a top lid element with a smooth, cylindrical lower portion with a rounded upper end;

   c.   a radially recessed domed portion of the lid above the cylindrical portion;

   d.   a conical spout that rises from one side of the dome;

   e.   a pair of brackets on another side of the dome that, when viewed from the side, have straight sides that merge into a rounded upper end;

f.   a generally symmetrical arrangement of the spout and brackets such that, when viewed from the side, the spout and brackets extend from opposite sides of the recessed portion of the lid, extend from approximately the same height on the recessed portion of the lid, and extend to approximately the same height above the recessed portion of the lid's top; and

g.   a flip-cap with a cylindrical end that lies between the brackets; a plank portion with a curved end that forms a bridge between the brackets and spout; and a rim with a circular cross-section that extends down from the bottom of the plant at the spout end.

20.    The Bottle Trade Dress serves to identify and distinguish BlenderBottle's products from those of others. BlenderBottle has strong common law rights in the Bottle Trade Dress. The Bottle Trade Dress has acquired secondary meaning.

21.    Customers readily recognize the Bottle Trade Dress as a distinctive designation of the origin of BlenderBottle's products.  The public recognizes that products bearing the Bottle Trade Dress constitute high-quality products that conform to the specifications created by BlenderBottle.

22.    The Bottle Trade Dress is distinctive and has been used by BlenderBottle as a source indicator since BlenderBottle's first use of the Bottle Trade Dress in 2003.

23.    Additionally, as a result of BlenderBottle's significant sales, advertising, widespread use and display of the Bottle Trade Dress, the Bottle Trade Dress has established strong secondary meaning and extensive goodwill.  The Bottle Trade Dress has great value as a specific identifier of BlenderBottle's products.

24.    BlenderBottle® has also obtained U.S. Trademark Registration No. 6,245,626 for its agitator trade dress (the "Agitator Trade Dress"). A true and correct copy of U.S. Trademark Registration No. 6,245,626 is attached hereto as **Exhibit 3.**

25.     U.S. Trademark Registration No. 6,245,626 is valid, unrevoked, and on the Principal Register. As such, BlenderBottle is entitled to a presumption that the Agitator Trade Dress is valid and enforceable.

26.     BlenderBottle manufactures and sells agitators bearing its registered Agitator Trade Dress. The Agitator Trade Dress is distinctive in its overall design. A picture of BlenderBottle's Agitator Trade Dress is provided below.



27.     The Agitator Trade Dress is a single length of metal wire formed to symmetrically define the shape of a sphere.

28.     BlenderBottle's products bearing the Lid Trade Dress, Bottle Trade Dress, Agitator Trade Dress, and practicing the '877 Patent are available in more than 90 countries worldwide and in over 60,000 retail locations.  For example, BlenderBottle's products bearing the Lid Trade Dress, Bottle Trade Dress, Agitator Trade Dress, and practicing the '877 Patent are sold in numerous major U.S. retailers such as Costco, Sam's Club, Target, Walmart, GNC, Amazon, Dick's Sporting Goods, and Vitamin Shoppe, among many others.

29.     BlenderBottle's products bearing the Lid Trade Dress, Bottle Trade Dress, and Agitator Trade Dress have received significant unsolicited media attention.  Products bearing the Lid Trade Dress, Bottle Trade Dress, and Agitator Trade Dress have been lauded by consumers and the media, including *Good Morning America*, *Shape*, *Good Housekeeping*, *Reader's Digest*, *Self*, *the Today Show*, *Muscle & Fitness*, *Men's Fitness*, *Nutrition Express*, *Amazing Wellness*, *Healthy Magazine*, *Outside Magazine*, *Backpacker Magazine*, *Daily Herald*, *EveryDay With*

*Rachael Ray*, *Flex*, *Health & Beauty*, *Healthy Living*, *Muscle & Performance*, *Oxygen*, *Better Homes & Gardens*, *Climbing Magazine*, and others.

30.    Numerous celebrities have been photographed using BlenderBottle's products bearing the Lid Trade Dress, Bottle Trade Dress, and Agitator Trade Dress, including Justin Bieber, Hugh Jackman, Scarlett Johansson, Shia LaBeouf, Dwayne "The Rock" Johnson, Michael B. Jordan, and Terry Crews, among others.

31.    BlenderBottle extensively advertises and promotes its products bearing the Lid Trade Dress, Bottle Trade Dress, Agitator Trade Dress, and practicing the '877 Patent, including through its website and social media sites, trade shows, flyers, and advertisements.

32.    BlenderBottle has spent millions of dollars advertising its products bearing the Lid Trade Dress, Bottle Trade Dress, Agitator Trade Dress, and practicing the '877 Patent.

33.    BlenderBottle is the clear market leader in the shaker cup market, in large part through the popularity of its products that bear the Lid Trade Dress, Bottle Trade Dress, Agitator Trade Dress, and practicing the '877 Patent.

34.    BlenderBottle has derived hundreds of millions in revenues in the United States from sales of products bearing the Lid Trade Dress, Bottle Trade Dress, Agitator Trade Dress, and practicing the '877 Patent.

35.    As a result of BlenderBottle's widespread use and display of the Lid Trade Dress, Bottle Trade Dress, and Agitator Trade Dress in association with its shaker bottles and agitators, (a) the public has come to recognize and identify shakers and agitators bearing the Lid Trade Dress, Bottle Trade Dress, and Agitator Trade Dress as emanating from BlenderBottle, (b) the public recognizes that shakers and agitators bearing the Lid Trade Dress, Bottle Trade Dress, and Agitator Trade Dress, constitute high quality products that conform to the specifications created by BlenderBottle, and (c) the Lid Trade Dress, Bottle Trade Dress, and Agitator Trade Dress have established strong secondary meaning and extensive goodwill since at least before Defendants'

adoption and first use of its shaker bottles, lids and agitators that use trade dress and trademarks that are confusingly similar to the Lid Trade Dress, Bottle Trade Dress, and Agitator Trade Dress.

36.     The Lid Trade Dress is not functional.  The design features embodied in the Lid Trade Dress are not essential to the function of the product.  The Lid Trade Dress is not in its particular shape because it works better in that shape.  There are alternative shapes and structures that perform as well as the Lid Trade Dress.  Alternatives to the Lid Trade Dress can be found in numerous commercially available products.

37.     The Bottle Trade Dress is not functional.  The design features embodied by the Bottle Trade Dress are not essential to the function of the product.  A container that allows one to combine powders and liquids and that also serves as a drink dispenser can have many different forms and shapes.  The Bottle Trade Dress is not in its particular shape because it works better in that shape.  There are numerous alternative shapes and structures that allow a consumer to combine powders and liquids and use them as a drink dispenser.

38.     Examples of commercially available alternatives to the Lid Trade Dress and Bottle Trade Dress are depicted in the table below:

| "PUSHLIMITS Designed by Artoid" product | "Rubbermaid® SHAKER BOTTLE" product |
|---|---|
|  | |

DICKINSON WRIGHT
ATTORNEYS AT LAW



| | |
|---|---|
|  "*Contigo® LEAK-PROOF SHAKER BOTTLE*" product |  "*BluePeak Shaker Bottle*" product |
|  "*Huel Shaker Bottle*" product |  "*Lava Fitness Shaker Bottle*" product |
|  "*Vortex Shaker Bottle*" product |  "*Shakesphere Tumbler View Shaker Bottle*" product |



"*WeightWatchers Shaker Bottle*" product



"*Aladdin Shaker Bottle*" product



"*Coleman Shaker Bottle*" product



"*Constant Contact Shaker Bottle*" product

39.    These third-party products show that there are many different design decisions that go into creating a bottle and lid, and that the Lid Trade Dress and Bottle Trade Dress are the result of decisions regarding ornamentation. None of the alternatives shown above have the same overall commercial impressions formed by the Lid Trade Dress or Bottle Trade Dress.    Further, BlenderBottle's exclusive right to use the Lid Trade Dress and Bottle Trade Dress does not put competitors at a significant non-reputation related disadvantage because there are numerous alternative designs.

40.    Further, the design features of the Lid Trade Dress are not comparatively simple or inexpensive to manufacture because the elements are complex.  The Lid Trade Dress is more

expensive to manufacture than other lids. The design features of the Lid Trade Dress do not affect the quality of the product. The design of the Lid Trade Dress is not a competitive necessity.

41.    Similarly, the design features of the Bottle Trade Dress are not comparatively simple or inexpensive to manufacture because the elements are complex. For example, the lid shown in the Bottle Trade Dress is more expensive to manufacture than other bottles. The design features of the Bottle Trade Dress do not affect the quality of the product. The design of the Bottle Trade Dress is not a competitive necessity.

42.    The Agitator Trade Dress is not functional. The design features embodied by the Agitator Trade Dress are not essential to the function of the product. The Agitator Trade Dress is not in its particular shape because it works better in that shape. There are alternative shapes and structures that perform as well as the Agitator Trade Dress. Alternatives to the Agitator Trade Dress can be found in numerous commercially available products. Several examples of commercially available alternatives are depicted in the table below:

|  |  |  |
|---|---|---|
| Agitator from "*TOOFEEL SHAKER 700ML*" product | Agitator from "*PUSHLIMITS Designed by Artoid*" product | Agitator from "*PUSHLIMITS Designed by Artoid*" product |

DB2/ 650940585.5

| | | |
|---|---|---|
|  Agitator from "*Rubbermaid® SHAKER BOTTLE*" product |  Agitator from "*BOTTLED JOY*" product |  Agitator from "*Muscle Pound*" product |
|  Agitator from "contigo® *LEAK-PROOF SHAKER BOTTLE*" |  Agitator from "*MAINSTAYS Shaker Bottle*" |  Agitator from "*UTOPIA SHAKER BOTTLE*" |
| Agitator from "*BluePeak Shaker Bottle*" product | Agitator from "*BluePeak Shaker Bottle*" product | Agitator from "*BluePeak Shaker Bottle*" product |

DB2/ 650940585.5







Agitator from "*Aladdin Shaker Bottle*" product

Agitator from "*Coleman Shaker Bottle*" product

Agitator from "*Constant Contact shaker bottle*" product

43.     The elements of the Agitator Trade Dress do not make the product cheaper or easier to manufacture, and do not affect the quality of the product.  The design of the Agitator Trade Dress is not a competitive necessity.  Instead, the Agitator Trade Dress serves to create source recognition in the consumer's mind.

44.     Further, the Agitator Trade Dress' design increases the complexity and cost of production in comparison to other agitators.  Other agitators, including many of the examples shown above, utilize less expensive materials and methods of manufacturing to achieve the same function.

45.     The Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress are invaluable assets essential to BlenderBottle's success and represent the designs of its signature products.  The shape of the Agitator Trade Dress symbolizes the company itself and is part of a registered trademark used by BlenderBottle as its corporate logo.



46.     This logo is prominently displayed on BlenderBottle's website, its marketing materials, stamped and/or molded into its products.

47.        Defendant manufactures, uses, sells, offers for sale, and/or imports into the United States shakers that have infringed BlenderBottle's patent rights in the '877 Patent. Representative infringing shaker bottles are shown below:

| GOMOYO Compartment Bottle | GOMOYO Bottle I |
|---|---|
|  |  |

48.        Defendant manufactures, uses, sells, offers for sale, promotes, advertises, and/or imports, or has manufactured, used, sold, offered for sale, promoted, advertised, and/or imported into the United States shaker bottles and shaker bottle lids, including some in various sizes and colors, which infringe BlenderBottle's intellectual property rights. A representative infringing shaker bottle is shown below (the "GOMOYO Bottle II"):

…

…

…

…

…

…

DB2/ 650940585.5

1
2
3
4
5
6
7
8
9
10
11
12

| GOMOYO Bottle II |
| --- |



13    49.    Defendant further manufactures, uses, sells, offers for sale, promotes, advertises,

14    and/or imports, or has manufactured, used, sold, offered for sale, promoted, advertised, and/or

15    imported into the United States shaker bottle lids which infringe BlenderBottle's intellectual

16
17    property rights. A representative infringing shaker bottle lid is shown below (the "GOMOYO

18    Shaker Bottle Lid"):

19
20

| GOMOYO Shaker Bottle Lid |
| --- |



21
22
23
24
25
26
27
28

DICKINSON WRIGHT
ATTORNEYS AT LAW

50.     Defendant further manufactures, uses, sells, offers for sale, promotes, advertises, and/or imports, or has manufactured, used, sold, offered for sale, promoted, advertised, and/or imported into the United States agitators which infringe BlenderBottle's intellectual property rights. A representative infringing agitator is shown below (the "GOMOYO Agitator"):



*GOMOYO Shaker Bottle Lid*

51.     On July 8, 2024, BlenderBottle sent Defendant a cease-and-desist letter demanding that Defendants cease selling the infringing shaker bottles, lids, and agitators. A true and correct copy  of this letter is attached as **Exhibit 4**.

52.     Blender Bottle sent additional letters to Defendants reiterating its demands on August 5, 2024, September 17, 2024, November 12, 2024, January 9, 2025, and July 29, 2025.

53.     Despite BlenderBottle's letters and subsequent correspondences seeking to resolve this dispute without litigation, Defendant has refused to fully comply with BlenderBottle's demands.

54.     BlenderBottle is informed and believes and, based thereon, alleges that Defendant has intended to blatantly infringe BlenderBottle's patented technology, and blatantly copy BlenderBottle's proprietary designs and trademarks, and pass off their goods as BlenderBottle's high quality products to misappropriate the immense goodwill that BlenderBottle has spent

enormous time, effort, and expense to cultivate in the marketplace. Defendants' use of the Lid Trade Dress, Bottle Trade Dress, and Agitator Trade Dress in commerce is likely to cause confusion, cause mistake, and to deceive as to an affiliation, connection, or association of Defendant and/or its products with BlenderBottle, when there is none.

55.     Defendant's acts complained of herein have caused BlenderBottle to suffer irreparable injury to its business. BlenderBottle will continue to suffer substantial loss and irreparable injury unless and until Defendant is enjoined from its wrongful actions complained of herein.

56.     BlenderBottle is informed and believes and, based thereon, alleges that Defendant's acts complained of herein are willful and deliberate.

## FIRST CLAIM FOR RELIEF

(Patent Infringement)
(35 U.S.C. § 271)

57.     BlenderBottle repeats and re-alleges the allegations of paragraphs 1-56 of this Complaint as if set forth fully herein.

58.     This is a claim for patent infringement under 35 U.S.C. § 271.

59.     GOMOYO, through its agents, employees, and/or servants has knowingly, intentionally, and willfully infringed the '877 Patent either literally or under the doctrine of equivalents through, for example, the manufacture, use, sale, offer for sale, and/or importation into the United States of, at least, the GOMOYO Compartment Bottle.

60.     The GOMOYO Compartment Bottle infringes at least Claim 1 of the '877 Patent as shown in the claim chart attached hereto as **Exhibit 5**.

…

…

…

1

## SECOND CLAIM FOR RELIEF

2

(Trade Dress Infringement, Trademark Infringement, False Designation of Origin, Passing Off,
and Federal Unfair Competition)

3

(15 U.S.C. § 1125(a))

4

5

61.    BlenderBottle repeats and re-alleges the allegations of paragraphs 1-60 of this

6

Complaint as if set fort fully herein.

7

62.    This is a claim for trade dress infringement, trademark infringement, false

8

designation of origin, passing off, and federal unfair competition under 15 U.S.C. § 1125(a).

9

63.    Subsequent to BlenderBottle's use and adoption of the Bottle Trade Dress, and the

10

development of secondary meaning in that trade dress, Defendant has developed, manufactured,

11

imported, advertised, and/or sold products, including GOMOYO Bottle I and GOMOYO Bottle II

12

that uses trade dress that is confusingly similar to the Bottle Trade Dress. An example of

13

Defendant's infringing use of the Bottle Trade Dress is shown below:

14

15

16

*Bottle Trade Dress:*

17

18



19

20

21

22

23

24

25

26

27

28

DICKINSON WRIGHT
ATTORNEYS AT LAW

*Infringing GOMOYO Bottles I and II:*



64.    Subsequent to BlenderBottle's use and adoption of the Lid Trade Dress, and the development of secondary meaning in that trade dress, Defendants have developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the Lid Trade Dress. An example of Defendant's infringing use of the Lid Trade Dress is shown below:

*Lid Trade Dress:*



*Infringing GOMOYO Lid:*



65.    Subsequent to BlenderBottle's use and adoption of the Agitator Trade Dress, and the development of secondary meaning in that trade dress, Defendants have developed, manufactured, imported, advertised, and/or sold products that use trade dress that is confusingly similar to the Agitator Trade Dress. An example of Defendant's infringing use of the Agitator Trade Dress is shown below:

*Agitator Trade Dress:*



*Infringing GOMOYO Agitator:*



66.    Defendant's use of the Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress in connection with its products is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of Defendant with BlenderBottle.

67.    Defendant's use of the Bottle Trade Dress, Lid Trade Dress, and Agitator trade Dress without BlenderBottle's consent constitutes trade dress infringement, trademark infringement, trademark false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such entity with another entity in violation of 15 U.S.C. § 1125(a).

68.    Defendant's use of the Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress without BlenderBottle's consent constitutes trade dress and trademark infringement and false designation of origin in violation of 15 U.S.C. § 1125(a).

69.    BlenderBottle is informed and believes, and based thereon alleges, that Defendant infringed BlenderBottle's trade dress and trademark rights with the intent to unfairly compete with BlenderBottle, to trade upon BlenderBottle's reputation and goodwill by causing confusion and mistake among customers and the public, and to deceive the public into believing that Defendant's products are associated with, sponsored by, originated from, or are approved by BlenderBottle, when they are not, resulting in a loss of reputation in, and mischaracterization of, BlenderBottle's products and its brand, damaging its marketability and saleability.

70.    BlenderBottle is informed and believes, and based thereon, alleges that Defendant's acts of trade dress infringement, trademark infringement, false designation of origin, passing off, and unfair competition have been willful and in total disregard of BlenderBottle's proprietary rights, and were done despite Defendant's knowledge that use of the Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress was, and is, in direct contravention of BlenderBottle's rights.

71.    BlenderBottle is informed and believes, and based thereon, alleges that Defendant has derived and received, and will continue to derive and receive, gains, profits, and advantages from Defendants' trade dress and trademark infringement in an amount that is not presently known to BlenderBottle. By reason of Defendant's actions, constituting trade dress and trademark infringement, BlenderBottle has been damaged and is entitled to monetary relief in an amount to be determined at trial.

72.    Pursuant to 15 U.S.C. § 1117, BlenderBottle is entitled to recover (1) Defendants' profits, (2) any damages sustained by BlenderBottle, and (3) the costs of the action.  In assessing damages, the Court may enter judgment up to three times actual damages, and in awarding profits,

the Court may in its discretion enter judgment for such sum as the court shall find to be just, according to the circumstances of the case.  The Court may also award BlenderBottle its reasonable attorneys' fees for the necessity of bringing this claim in this exceptional case.

73.    BlenderBottle has been damaged by Defendant's conduct in an amount to be determined at trial.

74.    Due to Defendant's actions, constituting trade dress infringement, trademark infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, BlenderBottle has suffered great and irreparable injury, for which BlenderBottle has no adequate remedy at law.

75.    Defendant will continue its trade dress infringement, trademark infringement, false designation of origin, false or misleading statements, false or misleading description of fact, false or misleading representations of fact, passing off, and unfair competition, to the great and irreparable injury of BlenderBottle, unless and until Defendants are enjoined by this Court.

## THIRD CLAIM FOR RELIEF

(Trade Dress and Trademark Infringement)
(15 U.S.C. § 1114)

76.    BlenderBottle repeats and re-alleges the allegations of paragraphs 1-75 of this Complaint as if set forth fully herein.

77.    This is a claim for trade dress and trademark infringement arising under 15 U.S.C. § 1114.

78.    BlenderBottle owns U.S. Trademark Registration No. 6,800,019 for its Lid Trade Dress.

79.    Without BlenderBottle's permission, Defendant has used in commerce trade dress that is nearly identical to the Lid Trade Dress.  BlenderBottle is informed and believes, and on that

basis alleges, that Defendant's infringing use continued and occurred after the registration date of U.S. Trademark Registration No. 6,800,019. Defendant has infringed BlenderBottle's Lid Trade Dress by using a nearly identical trade dress in connection with the manufacturing, distributing, selling, and/or promoting of Defendant's bottle products that is likely to cause confusion, or to cause mistake, or to deceive.

80.     BlenderBottle owns U.S. Trademark Registration No. 6,245,626 for its Agitator Trade Dress.

81.     Without BlenderBottle's permission, Defendant has used in commerce trade dress that is nearly identical to the Agitator Trade Dress. BlenderBottle is informed and believes, and on that basis alleges, that Defendants' infringing use continued and occurred after the registration date of U.S. Trademark Registration No. 6,245,626. Defendant has infringed BlenderBottle's Agitator Trade Dress by using a nearly identical trade dress in connection with the manufacturing, distributing, selling, and/or promoting of Defendants' bottle products that is likely to cause confusion, or to cause mistake, or to deceive.

82.     BlenderBottle is informed and believes, and based thereon, alleges that Defendant had actual knowledge of BlenderBottle's ownership and prior use of BlenderBottle's Lid Trade Dress and Agitator Trade Dress and without the consent of BlenderBottle, has willfully violated 15 U.S.C. § 1114.

83.     Defendant's aforementioned acts have injured BlenderBottle and damaged BlenderBottle in an amount to be determined at trial. By its actions, Defendant has irreparably injured BlenderBottle. Such irreparable injury will continue unless and until Defendants are preliminarily and permanently enjoined by this Court from further violation of BlenderBottle's rights, for which BlenderBottle has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF**

(Violation of Nevada Deceptive Trade Practices Act)
(NRS 598.0915, *et. seq.*)

84.     BlenderBottle hereby repeats and re-alleges the allegations of paragraphs 1-83 of this Complaint as if set forth fully herein.

85.     Defendant has knowingly engaged in deceptive acts violating Nevada law, including but not limited to, trade dress infringement, trademark infringement, false designation of origin, passing off, and unfair competition. Such acts cause a likelihood of confusion and/or misunderstanding as to the source of its goods and/or a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine BlenderBottle products.

86.     Defendant's conduct constitutes deceptive trade practices under the Nevada Deceptive Trade Practice Act, NRS 598.0915 *et seq.*, because Defendant is knowingly and intentionally trading on Blenderbottle's hard-earned goodwill, as well as to pass off the Defendant's products as those made by Blenderbottle and cause confusion, mistake, or deception as to the affiliation, connection or association of Defendant and its goods with Blenderbottle and as to whether the origin, sponsorship or approval of Defendant's products are the same as BlenderBottle's.

87.     Defendant's conduct confuses and/or deceives consumers, and that confusion and/or deception causes them to withhold trade from BlenderBottle by purchasing Defendant's products instead of BlenderBottle's competing products.

88.     Defendant's use of the Infringing Mark creates the false impression that Defendant's products originate from the same source as BlenderBottle's directly competitive products.

89.     BlenderBottle is informed and believes, and based thereon, alleges that the false

impression created by Defendant's use of the Infringing Mark has and/or will lead consumers to purchase Defendant's products on the erroneous belief that Defendant's products are the same as, or equivalent to, BlenderBottle's products.

90.     Defendant had direct and full knowledge of BlenderBottle's prior use and rights in, *inter alia,* Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress before the acts complained of herein.

91.     Defendant's unlawful and unfair conduct has led to a material diminution of the reputation and goodwill established by BlenderBottle.

92.     As a result of Defendant's aforementioned conduct, BlenderBottle has suffered substantial damages, as a well as the continuing loss of the goodwill and reputation established by BlenderBottle.

93.     This continuing loss of goodwill cannot be properly calculated and, thus, constitutes irreparable harm and an injury for which BlenderBottle does not have an adequate remedy at law. Due to the unfair nature of Defendant's actions, Defendant has caused, and unless enjoined by this Court, will continue to cause, serious and irreparable injury and damage to BlenderBottle.

94.     Defendant's aforementioned acts constitute a willful violation of the Nevada Deceptive Trade Practices Act, NRS 598.0915, *et seq* and Nevada common law.

95.     Defendant's aforementioned acts have damaged BlenderBottle in an amount to be determined at trial.

96.     Defendant has irreparably injured BlenderBottle. Such irreparable injury will continue unless Defendant is preliminarily and permanently enjoined by this Court from further violation of BlenderBottle's rights, for which BlenderBottle has no adequate remedy at law.

…

…

## FIFTH CLAIM FOR RELIEF

(Nevada Common Law Trademark Infringement and Unfair Competition)

97.     BlenderBottle hereby repeats and re-alleges the allegations of paragraphs 1-96 of this Complaint as if set forth fully herein.

98.     This cause of action for trademark infringement and unfair competition arises under the common law of the State of Nevada.

99.     BlenderBottle has a protectable interest in the distinctive Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress, as detailed above.

100.    The parties are direct competitors in the sales of bottles, lids, and agitators.

101.    Defendant has deliberately and willfully attempted to trade on BlenderBottle's long-standing and hard-earned goodwill in its Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress, and the reputation BlenderBottle has established in connection with its bottles, lids, and agitators.

102.    Defendant has also deliberately and willfully attempted to confuse consumers as to the origin and sponsorship of its bottles, lids, and agitators, and to pass them off as those of products made by BlenderBottle and identified by its Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress.

103.    Defendant's unauthorized and tortious conduct has also deprived and will continue to deprive BlenderBottle of the ability to control the consumer perception of its products offered under the Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress, placing the valuable reputation and goodwill of BlenderBottle in the hands of Defendant without permission or approval of BlenderBottle.

104.    By its actions, Defendant has infringed BlenderBottle's Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress, deliberately and with the intention of wrongfully trading

on the goodwill and reputation of symbolized by BlenderBottle's Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress.

105.    Defendant's conduct is likely to cause appreciable confusion, mistake, or deception as to the affiliation, connection or association of Defendant's products with the Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress products sold by BlenderBottle, and as to the origin, sponsorship, or approval of Defendant's products with Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress products sold by BlenderBottle, all in violation of Nevada common law.

106.    BlenderBottle is informed and believes and, based thereon, alleges that Defendant's use of the Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress injures BlenderBottle's commercial interest in its reputation and reduces BlenderBottle's sales of its products.

107.    As a result of Defendant's conduct, BlenderBottle has suffered substantial damages, as well as the continuing loss of the goodwill and reputation established by BlenderBottle in its Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress.

108.    The economic and reputation injury occur due to the similarity of Defendant's bottle, lid, and agitator products and, and the products sold under BlenderBottle's Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress.

109.    Defendant's use of the Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress confuses and/or deceives consumers and that confusion and/or deception causes them to withhold trade from BlenderBottle by purchasing Defendant's products instead of BlenderBottle's competing products.

110.    Defendant's use of the Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress creates the false impression that Defendant's products originate from the same source as BlenderBottle's directly competitive products.

111.    The false impression created by Defendant's use of the Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress, has and/or will, upon information and belief, lead consumers to purchase Defendant's products on the erroneous belief that Defendant's products are the same as, or equivalent to, BlenderBottle's products.

112.    BlenderBottle is informed and believes and, based thereon, alleges that Defendant has directly benefitted financially from its infringing activity.

113.    Thus, BlenderBottle is entitled to recover an amount equivalent to the amount of profits that Defendant has derived and may continue to derive as a result of its unlawful misappropriation and infringement of BlenderBottle's Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress.

114.    Defendant's conduct as described above has been willful, deliberate, malicious, and with intent to injure BlenderBottle. Therefore, BlenderBottle is also entitled to recover exemplary damages from Defendant in an amount sufficient to punish Defendant and to deter them and others from engaging in similar wrongful conduct in the future.

115.    Defendant should also be preliminarily, and upon final hearing, permanently, enjoined from using the Bottle Trade Dress, Lid Trade Dress, and Agitator Trade Dress, or variants thereof.

## <u>SIXTH CLAIM FOR RELIEF</u>

### (Unjust Enrichment)

116.    BlenderBottle hereby repeats and re-alleges the allegations of paragraphs 1-115 of this Complaint as if set forth fully herein.

117.    Based on Defendant's conduct as described above, Defendant has been unjustly enriched to BlenderBottle's detriment in violation of the common law of Nevada and elsewhere.

118.    Under principles of equity, BlenderBottle is entitled to recover damages, restitution and/or disgorgement of Defendant's profits, as well as its costs and attorneys' fees.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for the following relief:

A.     That the Court find for BlenderBottle and against Defendant on BlenderBottle's claim of patent infringement under 35 U.S.C. § 271;

B.     That the Court find for BlenderBottle and against Defendant on BlenderBottle's claim of trade dress infringement, trademark infringement, false designation of origin, passing off, and unfair competition under 15 U.S.C. § 1125(a);

C.     That the Court find for BlenderBottle and against Defendant on BlenderBottle's claim of trade dress infringement and trademark infringement under 15 U.S.C. § 1114;

D.     That the Court find for BlenderBottle and against Defendant on BlenderBottle's claim of trade dress infringement, trademark infringement, false designation of origin, passing off, and unfair competition under the Nevada Uniform Deceptive Trade Practices Act, NRS 598, *et seq* and Nevada common law;

E.     That the Court find for BlenderBottle and against Defendant on BlenderBottle's claim of unjust enrichment;

F.     That the Court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities with Defendant, from infringing United States Patent No. 10,165,877, including, for example, through the manufacture, use, sale, offer for sale, and/or importation for sale into the United States of Defendant's products accused of infringing United States Patent No. 10,165,877 and any products that are not colorably different from these products.

G.     That the court issue a preliminary and permanent injunction against Defendant, its agents, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or activities and from assisting or inducing, directly or indirectly, others to engage in the following activities:

DB2/ 650940585.5

1.      Manufacturing, importing, marketing, displaying, distributing, offering to sell, and/or selling Defendant's products infringing the Bottle Trade Dress, Lid Trade Dress, or Agitator Trade Dress or any products that are not colorably different therefrom;

2.      Using BlenderBottle's Bottle Trade Dress, Lid Trade Dress, or Agitator Trade Dress or any trade dress that is confusingly similar to BlenderBottle's Bottle Trade Dress, Lid Trade Dress, or Agitator Trade Dress;

3.      Falsely designating the origin of Defendant's products;

4.      Passing off Defendant's products as those of BlenderBottle;

5.      Misrepresenting by any means whatsoever, directly or indirectly, the source or sponsorship of any of Defendant's products;

6.      Unfairly competing with BlenderBottle in any manner whatsoever; and

7.      Causing a likelihood of confusion or injuries to BlenderBottle's business reputation.

H.      That an accounting be ordered to determine Defendants' profits resulting from its trade dress infringement, trademark infringement, false designation of origin, passing off, unfair competition, and unjust enrichment;

I.      That BlenderBottle be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and as a remedy under 15 U.S.C. § 1117, including all damages sustained by BlenderBottle as a result of Defendants' acts of trade dress infringement, trademark infringement, false designation of origin, passing off, unfair competition, and unjust enrichment;

J.      That BlenderBottle be awarded monetary relief in an amount to be fixed by the Court in its discretion as it finds just as an equitable remedy and a remedy under 15 U.S.C. § 1117, including all damages sustained by BlenderBottle as a result of Defendants' acts of trade dress

infringement, trademark infringement, false designation of origin, passing off, unfair competition, and unjust enrichment, all profits received by Defendants from sales and revenues of any kind made as a result of its infringing actions, and the costs of this action. That such award of BlenderBottle of damages and profits be trebled pursuant to 15 U.S.C. § 1117;

K.      An Order adjudging that this is an exceptional case under 15 U.S.C. § 1117 and/or 35 U.S.C. § 285;

L.      An Order that Defendants' trade dress infringement, trademark infringement, false designation of origin, passing off, and/or federal unfair competition is willful and a trebling of damages under 15 U.S.C. § 1117;

M.      An Order that Defendant's infringement is willful and a trebling of damages and/or exemplary or punitive damages because of Defendant's willful conduct pursuant to 35 U.S.C. § 284;

N.      An award to BlenderBottle of the attorneys' fees, expenses, and costs incurred by BlenderBottle in connection with this action pursuant to 35 U.S.C. § 285; 15 U.S.C. § 117, and/or NRS 598.0999 and Nevada common law;

O.      An award of pre-judgment and post-judgment interest and costs of this action against Defendant; and,

…

…

…

…

…

…

…

1    P.        Such other relief as this Court may deem just and proper.

2   Dated: September 29th, 2025              **DICKINSON WRIGHT PLLC**

3

4                                            */s/ Michael N. Feder*
                                             Michael N. Feder (Nevada Bar No. 7332)
5                                            MFeder@dickinsonwright.com
                                             Kevin D. Everage (Nevada Bar No. 15913)
6                                            KEverage@dickinsonwright.com
                                             3883 Howard Hughes Parkway, Suite 800
7                                            Las Vegas, Nevada 89169

8                                            **MORGAN, LEWIS & BOCKIUS LLP**

9

10                                           */s/ Brian P. O'Donnell*
                                             Ali Razai (*Pro Hac Vice* to be filed)
11                                           ali.razai@morganlewis.com
                                             Christian Boettcher (*Pro Hac Vice* to be filed)
12                                           christian.boettcher@morganlewis.com
                                             600 Anton Boulevard, Suite 1800
13                                           Costa Mesa, CA 92626-7653

14                                           Brian P. O'Donnell (*Pro Hac Vice* to be filed)
                                             brian.odonnell@morganlewis.com
15                                           110 North Wacker Drive, Suite 2800
                                             Chicago, IL 60606-1511

16                                           Attorneys for Plaintiffs
17                                           TROVE BRANDS, LLC d/b/a
                                             THE BLENDERBOTTLE COMPANY and
18                                           RUNWAY BLUE, LLC

19

20   …

21   …

22   …

23   …

24   …

25   …

26   …

27   …

28   …

1

## JURY DEMAND

2

    Plaintiffs Trove Brands, LLC, d/b/a The BlenderBottle Company and Runway Blue, LLC

3

hereby demand a trial by jury on all issues so triable.

4

Dated: September 29th, 2025            **DICKINSON WRIGHT PLLC**

5

6

                        */s/ Michael N. Feder*
Michael N. Feder (Nevada Bar No. 7332)

7

MFeder@dickinsonwright.com
Kevin D. Everage (Nevada Bar No. 15913)

8

KEverage@dickinsonwright.com
3883 Howard Hughes Parkway, Suite 800

9

Las Vegas, Nevada 89169

10

                     **MORGAN, LEWIS & BOCKIUS LLP**

11

12

                        */s/ Brian P. O'Donnell*
Ali Razai (*Pro Hac Vice* to be filed)

13

ali.razai@morganlewis.com
Christian Boettcher (*Pro Hac Vice* to be filed)

14

christian.boettcher@morganlewis.com
600 Anton Boulevard, Suite 1800

15

Costa Mesa, CA 92626-7653

16

Brian P. O'Donnell (*Pro Hac Vice* to be filed)
brian.odonnell@morganlewis.com

17

110 North Wacker Drive, Suite 2800
Chicago, IL 60606-1511

18

Attorneys for Plaintiffs

19

TROVE BRANDS, LLC d/b/a
THE BLENDERBOTTLE COMPANY and

20

RUNWAY BLUE, LLC

21

22

23

24

25

26

27

28

DB2/ 650940585.5

34